

# THE ATTORNEY GENERAL
# OF TEXAS

June 3, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Mark H. Dettman
Midland County Attorney
P. O. Box 2559
Midland, Texas    79702

Opinion No. JM-717

Re:  Liability of the  state  for postage, telegraph and telephone expenses of the district attorney and district judges of Midland County

Dear Mr. Dettman:

You request an opinion

> concerning the liability of the state of Texas to pay for the postage, telegraph, and telephone expenses of the district judges and district attorney of Midland County under the provisions of sections 24.019 and 43.004 of the Government Code.

Section 24.019 of the Government Code, Expenses of District Judge, provides:

> (a)  A district judge engaged in the discharge of official duties in a county other than the judge's county of residence is entitled to traveling and other necessary expenses, as provided by the Travel Regulations Act of 1959 (Article 6823a, Vernon's Texas Civil Statutes).

> (b)  A district judge is entitled to receive from the state the actual and necessary postage, telegraph, and telephone expenses incurred in the discharge of official duties.

> (c)  The expenses shall be paid by the state on a sworn itemized account showing the expenses.

Section 43.004, Expenses, states:

> (a)  A  district  attorney  engaged  in  the discharge of official duties in a county other than the district attorney's county of residence is  entitled  to  traveling  and  other  necessary

expenses, as provided by the Travel Regulations Act of 1959 (Article 6823a, Vernon's Texas Civil Statutes).

(b)  A district attorney is entitled to receive from the state the actual and necessary postage, telegraph, and telephone expenses incurred in the discharge of official duties.

(c)  The expenses shall be paid by the state on a sworn itemized account showing the expenses.

You state that it is the position of Midland County that the state of Texas is obligated to pay for the necessary postage, telephone and telegraph expenses of the district judges and district attorney of Midland County under the foregoing provisions of the Government Code.  The Comptroller of Public Accounts takes the position that sections 24.019 and 43.004 apply to district judges and district attorneys of multi-county districts and that the state comptroller is limited to payment of those expenses incurred while in the performance of duties in a county other than in the county of the official's residence.

Midland County is not part of a multi-county judicial district. Govt. Code §§24.243, 24.415.

Article 6820, V.T.C.S., was the origin of sections 24.019 and 43.004.  Article 6820 was repealed by Acts 1985, 69th Leg., ch. 480, §26, at 2049, effective September 1, 1985.  It was carried forward in enactment of the Government Code, a nonsubstantive revision of the statutes, by Acts 1985, 69th Leg., ch. 480, at 1720, effective September 1, 1985.  Article 6820, Judicial District Expenses, provided:

All district judges and district attorneys when engaged in the discharge of their official duties in any county in this state other than the county of their residence, shall be allowed their traveling and other necessary expenses, as provided by the Travel Regulations Act of 1959, while actually engaged in the discharge of such duties.  Such officers shall also receive the actual and necessary postage, telegraph and telephone expenses incurred by them in the actual discharge of their duties.  Such expenses shall be paid by the state upon the sworn and itemized account of each district judge or attorney entitled thereto, showing such expenses.

Attorney General Opinion V-306 (1947) construed article 6820 at a time when specified amounts were set out for each county in the multi-county district, but otherwise was in the same substantive form as it appears herein.  It stated:

> A District Attorney is entitled to be paid all actual and necessary expenses incurred by him in the discharge of his duties in counties outside of his home county not to exceed the limitation as to amounts contained in the statute.  Art. 6820, Rev. Civ. Stat.

In Attorney General Opinion JM-670 (1987), we quoted with approval, a well known rule of construction set forth in Attorney General Opinion M-650 (1970).  There it was stated:

> Another fundamental rule requires that a statute be construed as a whole and that all of its parts be harmonized if possible, so as to give effect to the entire act according to the evident intention of the legislature. . . . [T]he Court will endeavor to reconcile the various provisions of the act, insofar as they may appear to be conflicting or inconsistent, to the end that the enactment and every word, phrase, clause, and sentence may have its proper effect.
>
> Each part of the statute is to be considered in connection with every other part and with the entire enactment, in order to produce a harmonious whole and to reach the true legislative intent. Thus, in case of doubt as to the meaning of a particular word, clause, provisions, or section, it is to be viewed in the light of all the language employed.  It follows that a provision will not be given a meaning out of harmony with other provisions and inconsistent with the purpose of the act, although it would be susceptible of such construction standing alone.  53 Tex. Jur. 2d 229-32, Statutes, Sec. 160.

While the re-enactment of article 6820 into sections 24.019 and 43.004 of the Government Code suffers loss of clarity in the transition, we believe there is no substantive change.  When subsections (b) of sections 24.019 and 43.004 are isolated, it would appear that a district judge and a district attorney are entitled to receive from the state the actual and necessary postage, telegraph, and telephone expenses incurred in the discharge of official duties without regard to the composition of the district or residence of the

judge.  However, when subsections (b) are read in connection with other portions of the statute, a different result is dictated.

It is our opinion that the state of Texas is not liable for the postage, telegraph and telephone expenses of the district judge and district attorney of Midland County under the provisions of sections 24.019 and 43.004.

This construction of sections 24.019 and 43.004 appears to be consistent with amounts budgeted for these offices in the General Appropriations Act.  Section 7 of article IV of the Act provides an amount for

> District Attorneys' expenses while engaged in the actual performance of their duties, not to exceed $1,500 per$_1$ county <u>when the judicial district is composed</u>$^1$ <u>of more than one county.</u>  (Emphasis supplied).

General Appropriations Act, Acts 1985, 69th Leg., ch. 980, art. IV, §7, at budget 438 (IV-22).

---

1.  In a brief submitted by the comptroller of public accounts it is pointed out that the district attorney of Midland County is eligible to practice law, and under the General Appropriations Act is entitled to receive $13,650 from the state for certain expenses per year as a prosecutor with a single county district.  Section 9 of article IV of the Act provides:

> For the payment of salaries of Assistant District Attorneys, Investigators and/or secretarial help and expenses, including travel for these personnel as determined by the District Attorney, Criminal District Attorney and County Attorneys designated in Items No. 4., 5., 8., 11., 12., and 15. Payment shall not exceed $27,650 per district per year in multi-county districts <u>and $13,650 per district per year in single-county districts.</u> . . . (Emphasis supplied).

General Appropriations Act, Acts 1985, 69th Leg., ch. 980, art. IV, §9, at budget 439 (IV-23).

The comptroller has furnished us with copies of vouchers from the Midland County District Attorney for the last fiscal year for the amount of $13,650.00.

Section 2 of article IV of the Act provides:

> District Judges' expenses while engaged in the actual performance of their duties, not to exceed $1,500 per county when the judicial district is composed of more than one county. (Emphasis supplied).

General Appropriations Act, Acts 1985, 69th Leg., ch. 980, art. IV, §2, at budget 437 (IV-21).

## S U M M A R Y

The state of Texas is not liable for the postage, telegraph and telephone expenses of the district judge and district attorney of Midland County under the provisions of sections 24.019 and 43.004 of the Government Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General